# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| AMY VEGA, Individually and on Behalf of All Others Similarly Situated, | Case No.: 17-cv-796 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| OPTIO SOLUTIONS, LLC d/b/a QUALIA COLLECTION SERVICES, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Amy Vega is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely an alleged credit card debt.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she engaged in a consumer transaction.

6. Defendant Optio Solutions, LLC, which does business as Qualia Collection Services ("Qualia"), is a debt collection agency with its principal offices located at 1444 N McDowell Blvd, Petaluma, CA 94954.

7. Qualia is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Qualia is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. Qualia is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

10. On or around November 10, 2016, Qualia mailed a debt collection letter to Plaintiff regarding an alleged debt, listing the "Original Creditor" as "Capital One, N.A." ("Capital One") and the "Current Creditor" "Kohl's Dept Stores Inc." ("Kohl's"). A copy of this letter is attached to this complaint as Exhibit A.

11. Upon information and belief, the alleged debt identified in Exhibit A was an alleged credit card used only for personal, family or household purposes.

12. Upon information and belief, the alleged debt that Qualia was attempting to collect was a Kohl's store credit account, issued by Capital One, and used only for personal, family or household purposes, including purchases of personal and home goods at Kohl's department stores.

13. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

14. Upon information and belief, Exhibit A is a form debt collection letter used by Qualia to attempt to collect alleged debts.

2

15. <u>Exhibit A</u> states:

> Your account has been assigned to our agency by Kohl's Dept. Stores Inc. for collection.

16. Upon information and belief, <u>Exhibit A</u> is the first written communication that Qualia sent to Plaintiff regarding the alleged debt to which <u>Exhibit A</u> refers.

17. The FDCPA requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;

15 U.S.C. § 1692g(a)(1),(2).

18. To satisfy § 1692g(a)(2), a debt collector may provide "the name under which [the creditor] usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Blarek v. Encore Receivable Mgmt.*, No. 06-cv-420-WEC, 2007 U.S. Dist. LEXIS 22549 at *22 (E.D. Wis. Mar. 27, 2007).

19. Kohl's Department Store and Capital One, N.A. are two distinct business entities.

20. <u>Exhibit A</u> states that the current creditor is Kohl's. However, upon information and belief, Capital One is the current creditor, not Kohl's.

21. Qualia's misrepresentation is a material false, misleading or confusing statement.

22. Misrepresentation of the creditor's identity is a misrepresentation of the character and legal status of the debt. 15 U.S.C. § 1692e(2)(a).

3

23. Qualia's misrepresentation is also a "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. § 1692e(10).

24. The unsophisticated consumer would mistakenly believe that Kohl's was the current creditor and could mistakenly attempt to contact Kohl's with questions or make payments to the wrong business entity.

25. If a consumer sent a check to Kohl's, the payment would not satisfy the alleged debt owed to the correct creditor, who would be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

26. In addition, the consumer may be barred from recovering a payment to the incorrect party by the voluntary payment doctrine. Even if the voluntary payment doctrine does not apply or would not be enforced, the logistical challenge of obtaining a refund would discourage consumers from attempting to recover their erroneous payment.

27. Even a more sophisticated consumer (or her attorney), who might understand that debts can be transferred, bought and sold, would not be able to determine who actually holds the debt from reading Exhibit A.

28. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 2016 U.S. App. LEXIS 6361 *15-16 (7th Cir. Apr. 7, 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).).

29. Exhibit A also attempts to collect $354.26 in "Fees."

30. Neither Qualia nor the creditor of the alleged debt are permitted to add such "fees" to Plaintiff's account.

4

31. Any purchases made with a personal credit card account were "consumer credit transactions" under the WCA, Wis. Stat. §§ 421-427.

32. Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

33. Credit card transactions are, by definition, "transactions pursuant to open-end credit plans." Wis. Stat. § 421.301(27)(a).

34. The WCA specifically prohibits the attachment of collection fees and other "default charges" on consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

*See also Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996).

35. Neither Wis. Stat. § 422.202, entitled "Additional charges," nor any other section of the WCA, lists collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

36. Because credit card transactions are consumer credit transactions, Exhibit A falsely states that Qualia and/or the creditor of Plaintiff's alleged account have a right to add collection fees to the debt.

37. Even if a provision of any agreement between Plaintiff and the original creditor would purport to permit the imposition of a collection fee, the WCA prohibits such fees. Wis.

5

Stat. § 421.106(1) ("Except as otherwise provided in chs. 421 to 427, a customer may not waive or agree to forego rights or benefits under chs. 421 to 427."); *See also Lox v. CDA, Ltd.*, 689 F.3d. 818 (7th Cir. 2012) (false representation that attorney fees would be added when they could not be, violated 1692e).

38. Plaintiff was confused by Exhibit A.

39. The unsophisticated consumer would be confused by Exhibit A.

40. Plaintiff had to spend time and money investigating Exhibit A.

41. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

42. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems

important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

43. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

44. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

46. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

47. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

7

48. 15 U.S.C. § 1692f(1) specifically prohibits: "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

49. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist.

50. Wis. Stat. § 427.104(1)(L) also specifically prohibits a debt collector from "[t]hreaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

51. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

52. Exhibit A identifies the "Original Creditor" as "Capital One N.A."

53. Exhibit A falsely states the "Current Creditor" is "Kohl's Dept Stores Inc."

54. Exhibit A also states that Kohl's Department Stores Inc. assigned the debt listed in Exhibit A to Qualia for collection.

55. Exhibit A does not disclose the actual identity of the creditor to the consumer in a manner that is not confusing.

56. Defendant's misstatement of the name of the creditor is a false representation or deceptive means to collect or attempt to collect any debt.

57. Defendant's misstatement of the name of the creditor is a false and misleading statement of the character and legal status of the alleged debt.

58. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692g and 1692g(a)(2).

8

## COUNT II – FDCPA

59. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

60. Qualia's attempt to charge $354.26 in "Fees" is false, misleading and confusing.

61. Qualia added fees to Plaintiff's debt when neither Qualia nor the creditor are entitled to any fee.

62. Qualia's misrepresentation of the amount of the debt is an unfair and/or unconscionable method by which to try and collect an alleged debt.

63. As these statements are threatening and/or confusing to the unsophisticated consumer recipient because they falsely state that the creditor is entitled to receive a collection fee, they are an unfair and/or unconscionable method for attempting to collect a debt.

64. The unsophisticated consumer would be confused by the nebulous references in Qualia's letter to "Fees" and would have no idea what those charges are, potentially could be, or whether they would be legitimate.

65. Qualia misrepresented the amount of the debt in the initial letter in violation of 15 U.S.C. § 1692g(a)(1).

66. Qualia violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692f, 1692f(1) and 1692g(a)(1).

## COUNT III -- WCA

67. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

68. <u>Exhibit A</u> attempts to enforce a right to a collection fee, even though Defendant knew or should have had reason to know that no such right existed at the time the letters were sent.

69. Qualia violated Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

**CLASS ALLEGATIONS**

70. Plaintiff brings this action on behalf of two Classes.

71. Class One consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Qualia claiming an amount other than zero owed for "Fees," (c) seeking to collect a debt for personal, family or household purposes, (d) between June 5, 2016 and June 5, 2017, inclusive, (e) that was not returned by the postal service. Class One shall be known as the "Fees Class."

72. Class Two consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Qualia listing Kohl's Dept Stores Inc. as the current creditor (c) seeking to collect a debt for personal, family or household purposes, (d) between June 5, 2016 and June 5, 2017, inclusive, (e) that was not returned by the postal service. Class Two shall be known as the "Current Creditor Class."

73. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

74. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692f, 1692g, Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

75. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

76. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

77. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

78. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 5, 2017    **ADEMI & O'REILLY, LLP**

By:    s/ John D. Blythin

Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com